*E-filed 11/18/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN E. HOLMES,

    Plaintiff,

v.

SCOTT MCLEOD, and
TOM PORTER,

    Defendants.

No. C 15-3338 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, a state prisoner currently housed at the Marin County Jail, filed this pro se federal civil rights action under 42 U.S.C. § 1983 in which he alleges that his parole officer's imposition of a parole restriction violated his constitutional rights. Upon review of his complaint under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff fails to state a claim for relief. The complaint is DISMISSED with leave to file an amended complaint on or before December 21, 2015.

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff's parole officer, Tom Porter, will not allow him to live at the Golden Gate Baptist Theological Seminary (or at any halfway houses or treatment centers) because it is within 2,000 feet of a school or park, a restriction imposed as a consequence of plaintiff's being subject to the Sex Offender Registration Act (Cal. Penal Code § 290). Plaintiff asserts, however, that he is not subject to the Act because his conviction is not listed in the statute and is also too old. He also asserts that the U.S. Supreme Court has found the residence restriction unconstitutional. According to plaintiff, Porter's imposition of the restriction has resulted in plaintiff being denied necessary medical treatment, a violation of his constitutional rights. He also names Porter's supervisor, Scott McLeod, as a defendant.

Plaintiff has not stated a claim for relief against Porter. First, plaintiff is currently in custody and therefore he is not subject to the parole restriction. Second, to show that he is entitled to relief for a past injury, the Court requires more information than plaintiff has provided. He must inform the Court what <u>exact</u> statute he was convicted under, where and when he was convicted, and the resulting sentence. Without such information, the Court cannot determine whether he falls under the restrictions of the Act. He must also provide specific details about when Porter imposed the restriction and for how long. Plaintiff must also provide the name (or citation reference) of the U.S. Supreme Court case he cites as authority. Third, plaintiff has not alleged facts connecting Porter to the deprivation of necessary medical treatment. Neither Porter nor the state is obliged to provide plaintiff with (or place him in a position to receive) medical care when he is not in custody. Also, Porter cannot be held liable for enforcing a statute he is required to apply to plaintiff.

Plaintiff also has not stated a claim against McLeod. He cannot be held liable merely for being Porter's supervisor. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009).

## CONCLUSION

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before December 21, 2015. The amended complaint must include the caption and civil case number used in this order (15-3338 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes

to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 18, 2015

_____
RICHARD SEEBORG
United States District Judge