UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN E. HOLMES,

    Plaintiff,

    v.

SCOTT MCLEOD, and
TOM PORTER,

    Defendants.

No. C 15-3338 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff filed this pro se federal civil rights action under 42 U.S.C. § 1983 in which he alleges that his parole officer's imposition of a parole restriction violated his constitutional rights. Upon review under 28 U.S.C. § 1915A(a) of his first amended complaint (Docket No. 7), the Court concludes that plaintiff fails to state a claim for relief. The action is DISMISSED.

## DISCUSSION

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that from October 2014 to April 2015[1] his parole officer, Tom Porter, refused to allow him to live at the Golden Gate Baptist Theological Seminary in Sonoma County because it was within 2,000 feet of a school or park, a violation of Cal. Penal Code section 3003.5(b),[2] a restriction imposed as a consequence of his being subject to the Sex Offender Registration Act (*id*. § 290) ("SORA" or "the Act").  He was also forbidden to live

---

[1] Plaintiff was incarcerated in April 2015, released, it appears, in January 2016, and now resides in San Rafael.

[2] This is part of what is known as "Jessica's Law."

at any halfway houses or treatment centers, though he does not say Porter imposed such limitations because of SORA's restrictions.

According to plaintiff, Porter's imposition of the restriction resulted in his being homeless and without access to medical care for his hip and back problems. His Eighth Amendment rights consequently were violated. He also asserts that Porter imposed the restriction in a "blanket" fashion, without regard to plaintiff's specific circumstances and refused to grant his application for a waiver, thereby violating due process. Porter's supervisor, Scott McLeod, is named as a defendant. Plaintiff also asserts he is not subject to the Act because his conviction is not listed in the statute, is too old, and did not involve a crime against a child. He seeks only money damages.[3]

## I.   SORA

Plaintiff is subject to SORA, contrary to his assertion. He admits that in 1986 he was convicted of attempted rape, a violation of California Penal Code section 220.[4] (Am. Compl. at 3.) SORA specifically states that persons convicted under section 220 fall under the Act's ambit.[5] Cal. Penal Code § 290(c). Second, the age of his conviction is immaterial. The Act covers "[a]ll persons, who, since July 1, 1944" have been convicted of specified crimes. *Id.* Plaintiff's 1986 conviction clearly falls within this category.

## II.   Eighth Amendment Claim

Plaintiff has not stated a claim under the Eighth Amendment. He fails to allege facts plausibly showing that Porter violated his Eighth Amendment rights. Neither Porter nor the state is obliged to provide plaintiff with (or place him in a position to receive) medical care

---

[3] Even if he had asked for it, injunctive relief would be unavailable because plaintiff is no longer resident in Sonoma County.

[4] "Attempted rape" is not the precise language of the statute, which punishes assault with the intent to commit rape or another specified offense. Cal. Penal Code § 220.

[5] The Act excludes section 220 convictions for "assault to commit mayhem." This exception is not applicable here. Plaintiff admits he was convicted of attempted rape, which the Court construes as meaning assault to commit rape.

when he is not in custody.

Also, the restrictions Porter imposed did not forbid plaintiff from seeking medical care. The Act itself would allow plaintiff to obtain treatment at non-compliant residences. He just could not be allowed to live in them. "If the proposed residence is not compliant, the parolee must declare himself or herself 'transient,' and must register with the parole office and local law enforcement agency as such." *In re Taylor*, 60 Cal.4th 1019, 1031 (Cal. 2015). A transient parolee is, however, "allowed to be in a noncompliant residence for approved employment, to conduct legitimate business, or to obtain care and treatment from licensed providers." *Id.*

The Eighth Amendment claims against Porter are DISMISSED without leave to amend. The claims against McLeod, which are based on supervisory responsibility, necessarily fail and are DISMISSED without leave to amend. The Court notes that even if plaintiff had stated a claim for relief under the Eighth Amendment, defendants are immune from a suit for money damages, as discussed below.

**III.   Due Process Claim**

As the legal basis for his due process claim, plaintiff points to *In re Taylor*, the California Supreme Court decision cited above. That case held that San Diego County's "blanket enforcement" of Jessica's Law violated due process. *In re Taylor*, 60 Cal.4th at 1023.

Plaintiff cannot rely on *Taylor*. First, it is a California state case and therefore not binding on this federal district court. Second, even if it were binding, the ruling applies only to San Diego County, which was not plaintiff's county of residence.

Even if *Taylor* applied, or even if plaintiff had stated a claim for relief, defendants are immune from a suit for money damages. Absolute immunity bars suits for damages against parole officers for imposing even unconstitutional parole conditions. *Thornton v. Brown*, 757 F.3d 834, 839–40 (9th Cir. 2013).

**CONCLUSION**

Based on the foregoing, plaintiff's claims against Porter are DISMISSED.  His claims against McLeod, which are based on supervisory liability, necessarily fail and are also DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED:  March 29, 2016

_____
RICHARD SEEBORG
United States District Judge